No. 10,199.

## GALBREATH v. BLACK.

GUARDIANSHIP OF INSANE PERSON.—*Dismissal of Proceeding.*—*Duty of Court.*—A proceeding, under section 2545, R. S. 1881, to have an inhabitant of the county declared to be a person of unsound mind and incapable of managing his own estate, with a view to his guardianship, is not a civil action, and, therefore, the person instituting such proceeding has no right to dismiss the same without the consent of the court; and, as a rule, the court ought not to consent to the dismissal of such proceeding over the objections of the person alleged to be of unsound mind.

SAME.—*Judgment for Costs.*—Under section 2548, R. S. 1881, where, in such a proceeding, the jury find that the person, against whom the complaint is filed, is not of unsound mind, the court must render judgment for costs against the person making such complaint.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellant.

*H. S. Biggs*, for appellee.

HOWK, J.—The appellant, Margaret A. Galbreath, filed a petition in the court below, under the provisions of section 2545, R. S. 1881, wherein she represented to the court that Mary Black, an inhabitant of Kosciusko county, was a person of unsound mind and incapable of managing her own estate. Afterwards Mary Black appeared in court, in person and by counsel, and the clerk of the court, as required by the statute, filed an answer in denial of the facts set forth in such petition; which issue was tried by a jury, empanelled under the direction of the court. The record shows that after a portion of the evidence had been heard, and on the second day of the trial, the appellant, Margaret A. Galbreath, in person asked leave of the court to withdraw a juror from the panel and to dismiss the case, and withdraw her petition, and did then withdraw her petition and dismiss the case. Thereupon the record states that the said Mary Black, in person and by her counsel, objected to the dismissal of the proceeding; and the court overruled the appellant's application for leave to dismiss, to which ruling appellant excepted.

Written objections were then filed by appellant to the court's proceeding further in the case upon her application, and to the submission of the cause to the jury or their taking further action in the cause, for the reason that the same had been dismissed by her, and she declined to prosecute the case any further. These objections were overruled by the court, and the appellant having declined to give further evidence or proceed further in the trial, the cause was submitted to the jury under the instructions of the court. Afterwards a verdict was returned finding that " Mary Black is a person of sound mind and capable of managing her own estate." The court overruled appellant's motion to tax the costs of the proceeding against Mary Black, and appellant excepted to this ruling. Judgment was then rendered in accordance with the verdict, and that Mary Black recover her costs of the appellant.

It is earnestly insisted by the appellant's counsel, that the trial court erred in overruling her motion for leave to dismiss the proceeding and withdraw her petition. In support of their position, counsel cite and rely upon section 333, R. S. 1881, wherein it is provided that an action may be dismissed without prejudice by the plaintiff before the jury retires. But the proceeding before us is not, in any sense, an action within the meaning of the civil code, and, therefore, we think the section cited is not applicable to the case in hand. This is an *ex parte* proceeding under a special statute, and has few of the qualities or attributes of a civil action. *Hutts* v. *Hutts,* 62 Ind. 214. The statute under which the proceeding was instituted does not require that any notice thereof should be given to the alleged insane person. In section 2545, R. S. 1881, it is provided that when the written statement has been filed, representing to the proper court that an inhabitant of the county is an insane person, etc., "such court shall cause such person to be produced in court." But, in section 2547, R. S. 1881, it is further provided that "If the court shall be satisfied that such person, alleged to be of unsound mind, can

not, without injury to his health, be produced in court, such personal appearance may be dispensed with."

We are of opinion that in such a proceeding as the one at bar the party making the complaint can not dismiss such proceeding without the consent of the court before whom the same is pending, and that, as a rule, such consent ought not to be given, over the objections of the person alleged to be of unsound mind. Such person is entitled, we think, if there is a failure of evidence to sustain the complaint, to the verdict of the jury finding that he is not of unsound mind; and the complaining party ought not to be permitted to deprive him of such right, over his objections, by the dismissal of the proceeding or the withdrawal of such complaint. It seems to us,. therefore, that the court committed no error in overruling appellant's motion for leave to dismiss the proceeding and withdraw her petition.

The only other question discussed by counsel. relates to the judgment below in favor of Mary Black, and against the appellant, for the costs of this proceeding. This question is settled, we think, adversely to the views of appellant's counsel by the provisions of the statute. In the last sentence of section 2548, R. S. 1881, it is provided that "if the jury find that such person is not of unsound mind, then the court shall give judgment against the person making the complaint for the costs."

We have found no error in the record of this proceeding. The judgment is affirmed, with costs.