No. 12,167.

## COCHRAN v. AMSDEN, GUARDIAN.

WITNESS.—*Contradictory Statements.*—Expressions of opinion out of court different from that on the witness stand may be proved as affecting the credibility of the witness.

INSANE PERSON.—*Proceeding to Set Aside Guardianship.*—*Issue.*—In a proceeding under the statute, R. S. 1881, section 2553, to set aside the guardianship of an insane person, the question to be decided is, whether the person previously adjudged insane has so far regained his reason as to be capable of managing his estate.

SAME.—*When Guardianship Continued.*—If a person under guardianship as an insane person is not so far restored to reason as to be capable of understanding the ordinary affairs of life, the guardianship should be continued.

SAME.—*Instruction.*—*Form of Verdict.*—In such case, it is proper to instruct the jury, as to the form of their verdict, that if they find for the plaintiff their finding should be that the person under guardianship is of sound mind and capable of managing his estate, and if against the

plaintiff, that such person is of unsound mind and incapable of managing his estate.

SAME.—*Issues.—Judgment.*—A verdict reading, " We, the jury, find that E. C. is a person of unsound mind and incapable of managing her estate," is responsive to the issues and covers the entire case; and judgment thereon, continuing E. C. under guardianship, is proper.

SAME.—*Costs Taxed to Plaintiff When Proceeding is Unsuccessful.*—Where a proceeding to set aside the guardianship of an insane person is unsuccessful, the costs should be taxed to the plaintiff, and not to the guardian or estate of the insane person.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.

*B. F. Love, A. Major* and *H. C. Morrison,* for appellee.

ELLIOTT, J.—The appellant in his petition alleges that Elizabeth Clayton was adjudged to be a person of unsound mind on the 11th day of April, 1884, and that her reason has been restored. Prayer that her disability might be removed, and that she be declared a person of sound mind. A trial by jury resulted in a verdict against the petitioner, upon which judgment was pronounced.

There was no error in permitting the appellee to prove that Daniel Cochran, a witness called by the appellant, had expressed, out of court, an opinion different from that expressed on the witness stand. If a witness has expressed contradictory opinions, that fact goes to his credibility as a witness, and also supplies grounds for distrusting his ability to form a correct opinion. Rogers Expert Testimony, 51.

The court gave an instruction containing the following statement: " The sole question submitted for your consideration is: Is Elizabeth Clayton now a person of sound mind and capable of managing her own estate ? " We regard this as a correct statement of the question which the jury were to decide. The object of an inquiry as to the mental condition of a person alleged to be of unsound mind is to ascertain whether it is or is not proper to appoint a guardian, and, in order to determine this question, it must be ascertained

whether the insane person is capable of managing his estate. The statute does not contemplate the holding of the inquest for a mere general purpose, but intends that it shall be held for a specific purpose, and that purpose is, to ascertain whether it is or is not proper to appoint a guardian. As this is the purpose of the statute, it follows that when it is sought to set aside the guardianship, the controlling question is, whether the person previously declared insane is capable of managing his estate. If he is, the guardian should be removed; if he is not, the guardian should be continued in office. We are well satisfied that the purpose of the statute in providing for such a proceeding as the present is to enable the court to determine whether the person previously adjudged to be of unsound mind has so far regained his reason as to be capable of managing his own estate. To hold otherwise would defeat the plain intention of the Legislature and make the statute of no practical benefit. The language employed by the Legislature will not warrant any other conclusion than the one we have announced. R. S. 1881, sections 2553, 2545.

The instruction of the court as to the form of the verdict was correct. It was proper for the jury, if they found for the petitioner, to state that Elizabeth Clayton was of sound mind and capable of managing her estate, and if they found against the petitioner, it was proper for them to state that she was of unsound mind and incapable of managing her estate. It was proper to indicate the character of the mental incapacity, for it is not every person with impaired mental powers that can be declared incapable of managing his estate, nor is it every person whose mind is impaired, although he has some mental power, that is capable of managing his business affairs.

The decision in *In Re Carmichael*, 36 Ala. 616, relied upon by appellant's counsel, lends them no support; on the contrary, it is directly and strongly against them. What that case decides is, that it is improper to ask a witness his opinion as to whether the person whose mental capacity is under in-

Cochran v. Amsden, Guardian.

vestigation is capable of managing his affairs, and the reason for that ruling is, that the question is for the jury. As decided in *Walker* v. *Walker*, 34 Ala. 469, that question is always for the jury, and it is upon the case just named that the case relied on by counsel is founded.

If a person under guardianship as an insane person is not so far restored to reason as to be capable of understanding the ordinary affairs of life, the guardianship should not be discontinued. It is not easy to perceive how it can be affirmed with any fair degree of plausibility, that a woman who can not understand the ordinary affairs of life is restored to reason and capable of managing her own estate. We can not concur in the views of appellant's counsel upon this question, nor can we grant that the cases of *Stubbs* v. *Houston*, 33 Ala. 555, *Kinne* v. *Kinne*, 9 Conn. 102, and *Potts* v. *House*, 6 Ga. 324, exert any influence upon the question. These cases decide what constitutes testamentary capacity, and it is a familiar rule that the question in such cases is very different from that in cases where the power to contract is involved. Our conclusion is sustained by *Somers* v. *Pumphrey*, 24 Ind. 231; *Darnell* v. *Rowland*, 30 Ind. 342. Counsel in endeavoring to parry the force of these cases say, that the rule there declared applies to contracts, and not to cases of this character, but counsel forget that the capacity to manage an estate necessarily implies the power to contract. There would be no tincture of reason in a rule that affirms that a person so mentally diseased as not to be able to make contracts is, nevertheless, capable of managing his own estate.

The verdict returned in this case reads thus: "We, the jury, find that Elizabeth Clayton is a person of unsound mind and incapable of managing her estate." The appellant urges that this verdict is insufficient, and that the trial court erred in overruling the motion for a *venire de novo*. We can not concur with counsel in their criticisms upon this verdict, for we regard it as responsive to the issues, and as covering the

Cochran *v.* Amsden, Guardian.

entire case.   The cases we have referred to show that it was proper for the jury to find upon the question of the capacity of Elizabeth Clayton to manage her estate.

It was the duty of the court to pronounce the judgment upon this verdict, that Elizabeth Clayton was not of sound mind and was incapable of managing her estate.   Neither reason nor authority lends the slightest support to the contention of counsel that the court had no right to pronounce such a judgment.

The only question in the case that is at all difficult is that arising upon the ruling of the trial court sustaining appellee's motion to tax the costs against the appellant.   We are of the opinion that this ruling was right.   The general theory of the law is that a plaintiff who institutes a suit must pay costs if he does not succeed.   Where there is no statute changing this general rule, it must prevail, and we do not think the statute relied on by the appellant does make any change.   It would serve no useful purpose to set out and comment upon the provisions of the statute, and we deem it sufficient to say that the statute does not intend that the costs of such a proceeding as this should be paid by the guardian, or paid out of the estate in a case, where the petitioner is not successful.   We regard section 2553 as providing for the payment of costs out of the estate only when the judgment is that there has been a restoration of reason.   This is the only construction that will give the last clause of that section a reasonable effect, harmonize all the provisions of the statute, and bring them into uniformity with the general rule that the unsuccessful party must pay costs.   *Galbreath* v. *Black,* 89 Ind. 300.

Judgment affirmed.

Filed Dec. 18, 1885.