Ruhlman v. Ruhlman.

No. 11,915.

RUHLMAN v. RUHLMAN.

COSTS.—*Proceeding to Establish Unsoundness of Mind.—Guardianship.—Dismissal.—Practice.*—Upon the dismissal of proceedings to obtain a judicial declaration that a person is of unsound mind, and for the appointment of a guardian of such person, the court may award costs against the person who instituted the inquiry.

SAME.—*Leave of Court.—Supreme Court. — Presumption.* —Leave of court being necessary in order to dismiss such proceedings, it will be presumed, where the record shows a dismissal by the petitioner and a judgment for costs against him, that the court granted the leave to dismiss on the terms indicated by the judgment, and, no objection appearing, that the petitioner assented thereto.

From the Shelby Circuit Court.

*E. P. Ferris, J. S. Ferris* and *W. W. Spencer*, for appellant.
*N. B. Berryman*, for appellee.

MITCHELL, J.—On the 18th day of September, 1881, Henry Ruhlman filed in the office of the clerk of the Shelby Circuit Court a statement in writing charging that Susannah A. Ruhlman was a person of unsound mind, and incapable of managing her own estate. On the 2d day of October, following, Mrs. Ruhlman having been produced in court, the clerk filed an answer as required by statute. Mrs. Ruhlman also filed an answer in denial of the charge. On the 22d day of October, upon the motion of the complainant, the proceeding was dismissed by the court. Thereupon the following judgment was entered : " It is therefore considered by the court, that said Susannah A. Ruhlman recover of the petitioner, Henry Ruhlman, her costs and charges herein laid out and expended."

Without having objected to, or moved to modify, the judgment so rendered, and without any motion to re-tax the costs, the appellant brings the record here, and asks a reversal on the ground that the court had no jurisdiction to render judgment against the appellant for costs upon a dismissal of his petition, and that such judgment was therefore wholly void.

This position is not tenable. The court had jurisdiction of the subject-matter, and of the parties. It had power, therefore, to make some kind of an order, or judgment, respecting the dismissal of the cause, and for the payment of the costs. The appellant being there present in court, if it was competent for him to dismiss his complaint, it was also competent for him to consent that such dismissal might be allowed at his costs. Not having objected to the action of the court in that regard, it must be presumed that he took leave to dismiss upon the condition that he pay the costs. *Bayless* v. *Glenn*, 72 Ind. 5; *Teal* v. *Spangler*, 72 Ind. 380; *Lewis* v. *Edwards*, 44 Ind. 333; *Smith* v. *Tutman*, 71 Ind. 171.

The appellant contends that proceedings to obtain a judicial declaration, that a person is of unsound mind, and for the appointment of a guardian for such person, are wholly statutory, and are not governed by the civil code in respect to costs. Hence it is said the judgment awarding costs against the petitioner, upon a dismissal, was void because the statute governing such proceeding only authorizes costs to be adjudged against the complainant, upon the finding of the jury that the person alleged to be of unsound mind is not of unsound mind.

We agree that the proceedings are, in a sense, special and statutory, and that they are not in all respects subject to the provisions of the civil code. They are not civil actions. Such proceedings are, however, peculiarly under the jurisdiction and control of the court. The persons and estates of the insane, or those alleged to be insane, are the subjects of protection and care of courts having probate jurisdiction. When the proceeding is instituted, the matter is then under the direction of the court, even to the extent of authorizing it to cause the seizure of the body of the person alleged to be of unsound mind. The statute under consideration makes no provision for a dismissal, nor does it provide for an appeal to this court. The court may or may not authorize or permit the petition to be dismissed. In *Galbreath* v. *Black*,

89 Ind. 300, it was held that the court ought not to allow the proceeding to be dismissed without the consent of the person alleged to be of unsound mind.

If the court in its discretion, and without objection, permits a dismissal, it may also award costs against the person who needlessly instituted the inquiry. The persons and estates of those against whom such proceedings are instituted, are so far under the protection of the court, while the proceeding is pending, as to give it plenary power to protect them from costs, in the event the complainant asks leave to dismiss. It would not do to hold that any citizen might hazard the experiment of putting another under guardianship, and after conducting the proceeding to a point short of a verdict by the jury, dismiss without leave of court, leaving the person experimented upon to pay the costs. *Cochran* v. *Amsden*, 104 Ind. 282. Leave of court being necessary in order to dismiss, we will presume the court granted the leave on the terms indicated by the judgment, and, no objection appearing, we must further presume that the appellant assented to those terms.

Judgment affirmed, with costs.

Filed April 5, 1887.