KIRK HAWES, Judge,

*v.*

THE PEOPLE *ex rel.* Emilie Pulver.

*Filed at Ottawa May 9, 1888.*

1. JURISDICTION *of Appellate Courts—constitutional law.* Under the constitution, the Appellate Courts have only appellate jurisdiction, and it is not competent for the legislature to clothe them with any other kind of jurisdiction.

2. SAME—*in case of mandamus.* The Appellate Court has no jurisdiction of an original action by *mandamus.* So when that court has not acquired jurisdiction in a case, by appeal or writ of error, it will have no jurisdiction of a proceeding by *mandamus* to compel a judge of the trial court to sign a bill of exceptions.

3. Where the Appellate Court has acquired jurisdiction of a suit by appeal or writ of error, it may, by the action of *mandamus,* compel the judge of the trial court to sign and seal a bill of exceptions on a proper showing. Such action in that case would be in aid of the appellate jurisdiction of that court.

APPEAL from the Appellate Court for the First District.

Messrs. MOSES & NEWMAN, for the appellant.

Messrs. KRAUS, MAYER & STEIN, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 9th day of November, 1887, the People of the State of Illinois, on the relation of Emilie Pulver, filed in the Appellate Court for the First District a petition for a *mandamus* against the Hon. Kirk Hawes, as judge of the Superior Court of Cook county, to compel him to sign a bill of exceptions in a certain cause lately heard before him in said court, wherein the said Emilie Pulver was plaintiff, and the Rochester German Insurance Company was defendant. No appeal had been taken in the case to the Appellate Court, nor was it otherwise, or for any purpose, pending in that court. The respondent

appeared, and entered a motion to dismiss the petition, on the ground that the court had no original jurisdiction in *mandamus*. The court reserved the motion for the hearing. The issues were then made up in the usual way, and the cause was heard upon the petition, answer, replication and proofs, resulting in the entry of a final order awarding a peremptory writ of *mandamus*, directing the respondent to sign and seal the bill of exceptions in question, in conformity with the prayer of the petition. The respondent brings the case here for review.

Section 11, article 6, of the constitution, provides as follows : "After the year 1874, inferior appellate courts, of uniform organization and jurisdiction, may be created in districts formed for that purpose, to which such appeals and writs of error as the General Assembly may provide may be prosecuted from circuit and other courts, and from which appeals and writs of error shall lie to the Supreme Court in all criminal cases, and cases in which a franchise, or freehold, or the validity of a statute is involved, and in such other cases as may be provided by law. Such appellate courts shall be held by such number of judges of the circuit courts, and at such times and places, and in such manner, as may be provided by law; but no judge shall sit in review upon cases decided by him, nor shall said judges receive any additional compensation for such services."

This is the only provision of the constitution relating to the jurisdiction of the Appellate Courts, and it follows, that whatever powers they may lawfully exercise are referable to it as their source. It is a grant of appellate jurisdiction only, and it is not competent for the legislature to clothe these courts, as such, with any other kind of jurisdiction.

It is a familiar principle, that every grant of power carries with it such implied powers as are necessary to the exercise of the powers expressly conferred; yet this principle can have no application to a case like the one before us. The present suit is an original action, and is not in any sense in aid of or

in furtherance of the court's appellate jurisdiction. If, upon the facts disclosed, the action would lie, it might have been brought either in this court or the circuit court, and when prosecuted to a successful termination, the judgment, if desired to be reviewed, would, for the purposes of an appeal to the Appellate Court, be precisely in the same position as if the bill of exceptions had been signed and sealed by the judge without suit, and the petitioner, after all, would be under no obligation to take the case to the Appellate Court. It might or might not be taken there, which clearly shows that the action of *mandamus*, under the circumstances, could not be regarded as necessary to or in furtherance of its appellate jurisdiction. If the case to which the petition relates had been pending in the Appellate Court by appeal or writ of error, quite a different question would be presented. In that case no reason is perceived why the action of *mandamus* would not lie. Such action would then be in aid of the court's appellate jurisdiction. Indeed, the eleventh section of the Appellate Court act expressly authorizes the issuing of a writ of *mandamus* for such purpose. But this is only declaratory of what the rule, under the constitution, would have been without it. It is a mere expression of what would have been implied from the establishment of these courts.

As the judgment in this case will have to be reversed on the ground the Appellate Court improperly assumed jurisdiction therein, it will not be proper to consider the other questions discussed in the briefs.

The judgment of the Appellate Court is reversed, and the cause remanded, with directions to that court to quash the writ and dismiss the petition.

*Judgment reversed.*