Filed March 2, 1892.

------------◆------------

No. 428.

## LEWIS, ADMINISTRATRIX, v. FILLION.

APPELLATE COURT.—*Ancillary Proceedings.— When Granted.*—The Appellate Court, or a judge thereof in vacation or recess, has the authority possessed by the Supreme Court, or judges thereof, in vacation or recess, to stay proceedings, issue injunctions, etc., and do other acts in aid of its jurisdiction, or to enforce its judgments or orders. Such authority is ancillary to appellate jurisdiction, and is not exercised unless to preserve the rights involved in a cause pending on appeal.

APPEAL.—*Decedents' Estates.—Injunction.— When Granted.*—When an appeal is taken by an administrator from the allowance of a claim against his decedent's estate for a monument which is about to be erected in memory of decedent, this court will not enjoin the erection of the monument, since the granting or refusal to grant an injunction can not affect the matters in issue on appeal. Such relief, if desired, must be sought in another court of original jurisdiction.

From the Lawrence Circuit Court.

*J. H. Willard*, for appellants.

*J. Giles*, for appellee.

BLACK, J.—An appeal is pending in this court from a judgment of the Lawrence circuit court, in favor of Peter Fillion, upon his claim against the estate of Benjamin Newland, deceased, represented by Helen N. Lewis, administratrix, and David L. Sheeks, administrator.

The claim was upon account for work and labor and expenses. There were many items; the only one that need be mentioned specially here being a charge for five hundred dollars for "work in cutting 18 foot monument, as per contract, in the year 1889."

Said Helen N. Lewis, administratrix of said estate, has filed in this court her petition against said Peter Fillion, showing that she is the owner, as such administratrix, of the burial lot, in a certain cemetery, in which are interred the remains of said decedent, her father, and the remains of her deceased mother; that the defendant, under a pretended contract with plaintiff's intestate, has constructed and partly finished a monument which he is threatening to erect on said burial lot. It is alleged that the question of the existence of any contract for the construction or purchase of such monument is now pending before this court upon said appeal.

Various objections to said monument, and reasons why its erection will be a desecration of said burial lot, and an irreparable injury to the plaintiff are stated; and this court is asked to grant an injunction restraining the defendant from the erection of the monument.

By section 12 of the act creating this court, and defining its jurisdiction and procedure (Acts of 1891, p. 42), it is provided, that "said court and judges thereof, in vacation or recess, shall have the authority possessed by the Supreme Court, or the judges thereof, in vacation or recess, to stay proceedings, issue injunctions and mandates, and to do other acts and things in aid of the exercise of its jurisdiction, or to enforce its judgments or orders."

By section 1147, R. S. 1881, it is provided, that "restraining orders and injunctions may be granted by the Supreme Court in term time, when necessary and proper for the due exercise of the jurisdiction and powers of such court, or by any judge thereof in vacation or recess."

The judgment from which said appeal was taken was for a certain sum of money and costs, "to be paid out of said estate as other claims are paid."

The statute provides, that no execution or other final process shall be issued on any allowance or judgment rendered upon a claim against a decedent's estate, for the

Lewis, Administratrix, *v.* Fillion.

collection thereof out of the assets of the estate; but all such claims shall be paid by the executor or administrator, in full or *pro tanto*, in due course of administration. Acts 1883, p. 157.

Our authority to issue injunctions is ancillary to our appellate jurisdiction. We may exercise such authority to preserve the rights involved in a cause pending on appeal. *Leech* v. *State, ex rel.*, 78 Ind. 570 (579).

In the cause in which said appeal was taken is involved the question whether a liability exists to pay out of the assets of the estate for work in cutting said monument. The decision of this court in that cause must be based upon the record therein, and, whether the judgment below be affirmed or reversed, the enforcement of the judgment of this court can not be affected by the erection of the monument upon the burial lot pending the appeal.

If we refuse to grant an injunction restraining the erection of the monument, the defendant will not thereby be enabled to take any advantage of the judgment on his claim, which will interfere with the rendition on said appeal of a proper judgment, or with the enforcement thereof.

If the erection of the monument be a desecration of the burial lot and a great injury to the plaintiff, which ought to be prevented by the strong arm of a court of equity, as to which we do not decide or examine, the relief must be sought in another action and in another court.

An injunction is refused; and the restraining order herein, granted by one of the judges of this court until the hearing, is dissolved.

Filed Dec. 9, 1891.