Studabaker *et al. v.* Markley.

We have examined all the questions presented, and find no reversible error.

Judgment affirmed.

Filed June 22, 1893.

---

No. 1,007.

STUDABAKER ET AL. *v.* MARKLEY.

APPEAL.—*Proceeding to Have a Person Declared of Unsound Mind.— Petitioner can Appeal only as to Costs.—Party in Interest.*—In a proceeding to have a person adjudged of unsound mind, the petitioner who institutes the proceeding is not a real party in interest, and after the proceeding is instituted the function of the petitioner is at an end, but if the petition should fail, the law imposes upon him the liability for costs; and the petitioner, not being a party to the merits of the case, can not appeal from a judgment thereon, but can appeal from the judgment of the court only in so far as it affects his liability for costs.

SAME.—*Proceeding to Declare a Person of Unsound Mind.—Finality of Action.—No Appeal From.*—In such a case, where a judgment has been rendered in favor of the person charged, and the judge, with the aid of the jury, has reached a conclusion in favor of sanity, the proceeding is at an end as to its merits, and no appeal therefrom is contemplated by the statute nor can be allowed.

From the Wells Circuit Court.

*J. S. Dailey, L. Mock, A. Simmons, E. R. Wilson* and *J. J. Todd*, for appellants.

*L. M. Ninde* and *A. N. Martin*, for appellee.

LOTZ, J.—The appellants commenced this proceeding, under section 2545, R. S. 1881, to have the appellee adjudged a person of unsound mind. The appellee appeared to the proceeding, and filed an answer in denial of the petition. The clerk of the court also filed an answer, as required by statute. The issue joined was tried

by a jury impaneled under the direction of the court. A verdict was returned in favor of appellee.

Appellants made a motion for a new trial, which was overruled, and the court then rendered judgment as follows: "It is therefore adjudged by the court that Malinda Markley is a person of sound mind, and is a resident of Wells county, and that defendant recover her costs herein expended."

From this judgment, the appellants prosecute this appeal.

The only error assigned is that of overruling the motion for a new trial.

No formal motion to dismiss the appeal has been made, but appellee contends that no appeal in favor of the appellants will lie from the judgment rendered.

An appeal is the removal of a cause from an inferior to a superior tribunal. It is a process of civil law origin, and removes the cause entirely, subjecting the fact as well as the law to a review and retrial.

A writ of error is the common law process for transferring a cause from a lower to a higher court, but it removes nothing for examination but questions of law. *Wiscart* v. *D'Auchey*, 3 Dall. 320.

The remedy by appeal was introduced into common law proceedings by statute. There is no absolute right to an appeal, either in law or at equity, but it is a remedy that may be given or withheld by statute. Where there is no right to appeal at all, the Appellate Court has no jurisdiction, and will dismiss the appeal on its own motion. Elliott's App. Proced., section 131.

The proceeding to have a person adjudged of unsound mind, and place his person and property in the custody of another, is an extraordinary one. A court of equity is the ultimate guardian of the person and property of

the unfortunate insane.   Whatever disposition is made of either, must receive the sanction of the court.   No responsibility of greater gravity, no higher or more important duty rests upon any public officer than that which the law imposes upon the trial judge in guarding and protecting the interests of those charged with being of unsound mind.

The proceeding instituted against the appellee is one of peculiar equitable cognizance.   Such proceedings should be scrutinized with the greatest of care by the presiding judge; for, by them, great wrongs are liable to be perpetrated under the forms of law.   Experience demonstrates that they are too often invoked to prevent the alienation of property, by deed or devise, when the owner manifests an intention to prefer the objects of his or her affections.   If the proceedings be unfounded, they are liable to work an irreparable injury to the person charged. The reputation and business capacity may suffer as a consequence.

The wisdom of the law authorizing such proceedings can not be assailed, but its abuse can not be too severely condemned.   The petitioner who institutes the proceeding is not a real party in interest.   It is a matter of no special concern to him that any person be adjudged of unsound mind; whilst to the court, and to the public, it may be a matter of great solicitude.   It is not the function of the petitioner to take upon himself the management of the proceeding.   His position is analogous to that of a friend of the court.   The statute, it is true, imposes upon him liability for costs, in the event the proceeding shall prove unfounded.   This liability is imposed to prevent him from acting hastily, maliciously, or in a meddlesome manner in apprising the court of the necessity of exercising its functions.   After the proceeding is instituted, his duty is done, and that of the court be-

gins. After the proceeding has once been commenced, his interest is so remote that he can not even dismiss it at his own costs, without the consent of the court. *Galbreath* v. *Black*, 89 Ind. 300.

His vigilance should be confined to ascertaining the probable fact which sets the court in motion. When the court begins to move, its vigilance will be exercised so that the interests of both the public and the person charged will be impartially protected. The proceeding, strictly speaking, is *ex parte* in its character. It is true that in a qualified and limited sense, it may be said to be adversary. But when it is said to be adversary, it is not meant that the petitioner is the adverse party. From an adjudication which is adverse to, or deprives the person charged of any substantial rights, he may appeal; and to this extent the proceeding may be said to be adversary. *Cuneo* v. *Bessoni*, 63 Ind. 524; *Galbreath* v. *Black, supra; Ruhlman* v. *Ruhlman*, 110 Ind. 314.

It is also true that in *Galbreath* v. *Black, supra*, and *Ruhlman* v. *Ruhlman, supra*, the Supreme Court entertained an appeal from proceedings instituted under this statute in favor of the petitioner, but in both cases the appeal brought in question only the judgment for costs, and the merits of the controversy were not in question. Nor was the question of the right to appeal raised. The court, in each case, decided adversely to the petitioner, so that the same result was reached as if the appeal had been dismissed.

We do not consider these cases in point or as authority upon the right to appeal.

It has long been the established rule subject to no exception, that the right to relief by appeal from a final judgment exists only in favor of a party whose substantial rights have been prejudiced by the judgment appealed from. *Combs* v. *Jefferson Pond, etc., Co.*, 3 Met.

(Ky.) 72; *Stout, Admr.,* v. *Indianapolis, etc., R. R. Co.,* 41 Ind. 149.

The persons who are entitled to an appeal are those who have some legal interest which may, by the decree of the court, be either enlarged or diminished. *Hemmenway* v. *Corey,* 16 Vt. 225.

Only such questions can be reserved for the appellate court as affect the merits of the litigation, and only by a party injured by the action of the lower court. *Pierse* v. *West,* 29 Ind. 266.

The appellants can neither gain nor lose by any judgment that might be rendered by this court, so far as the subject-matter of the controversy is concerned. Surely the real party in interest should not be compelled to litigate with a mere volunteer in a lawsuit. The merits of every legal controversy are those that grow out of the issues joined.

The appellants are not actually parties to the issue, much less can they be said to have any substantial interest in the controversy.

It would be a travesty upon legal proceedings to say that a party who has no actual interest in the controversy may litigate or prosecute an appeal.

We think the clear intention of the statute is that whenever a judgment has been rendered in favor of the person charged, after the trial judge, with the aid of the jury, has reached a conclusion in favor of sanity, the proceeding should be at an end, and that no appeal from such a determination is contemplated or can be allowed.

We are supported in this view by the fact that if there be a finding in favor of the person charged, in the next week or the next day, if he exhibit symptoms of unsoundness of mind, another proceeding may be instituted against him.

There is no occasion for an appeal. The rights of all can be secured by a second proceeding.

The interest of the accused and the interest of the public require, and we think the evident purpose of the statute is, that such a judgment is a finality from which no appeal will lie to any court. If this conclusion is correct, this court is without jurisdiction to entertain an appeal from the merits of this proceeding.

But it may be said that this appeal lies from the judgment for costs. This leads to the inquiry: "Have the appellants such an interest in the costs as will entitle them to maintain an appeal?"

Costs are the expense of an action, recoverable from the losing party; an allowance for the expense incurred in conducting the suit. They are but an incident to a lawsuit.

As was well said in *Curran* v. *Excelsior Coal Co.*, 63 Iowa, 94: "The questions in controversy * * are put in issue by the pleadings. * * * As an incident of the controversy certain costs are taxed under the statute against the losing party as compensation for the officers who have rendered services in the case, or, for the witnesses who have given testimony in it. But the question as to who shall pay these costs is not the subject of controversy between the parties. The suit is brought and prosecuted for the enforcement and protection of a right involved, or for the redress of a wrong complained of, and not for the recovery of such costs as may accrue in its prosecution." *Jane's Appeal*, 87 Pa. St. 428.

Costs are given or withheld by statute. *State, ex rel.,* v. *McIntosh*, 100 Ind. 439; *Russell* v. *Cleary*, 105 Ind. 502.

At the time this proceeding was instituted, the costs were not in existence; they only arose as the litigation progressed. They are not, in any sense, the subject of

the controversy.    A mere interest in costs gives no right to appeal in respect to the subject-matter.    *Reid* v. *Van Der Hayden,* 5 Cow. 720.

The appeal in this case is from the judgment as an entirety. We can readily conceive how a party to this proceeding might be wronged by an improper taxation or judgment for costs, but because he may be injured in this respect does not give him the right to appeal from the judgment as an entirety.  If he wishes to bring in review the action of the court below, he must move to retax or to modify the judgment, and bring the action of the court into the record by a bill of exceptions. *Bayless* v. *Green,* 72 Ind. 5; *Quill* v. *Gallivan,* 108 Ind. 235; *Forsythe* v. *Kreuter,* 100 Ind. 27.

Where no objection is made in the trial court to the form of the judgment, and no motion made to modify or correct it, its sufficiency will not be considered on appeal.    *Teal* v. *Spangler,* 72 Ind. 380;    *Floore* v. *Steigelmayer,* 76 Ind. 479.

In the case at bar, there was no motion to retax the costs or to modify the judgment.    Not having objected to the action of the court in rendering judgment for costs against them, it must be presumed that the appellants appeal from the judgment on the merits only. *Ruhlman* v. *Ruhlman, supra; American Ins. Co.* v. *Gibson,* 104 Ind. 336 (342).

As the appellants have no interest in the merits, they have no standing in this court.

Appeal dismissed, at costs of appellants.

Filed June 21, 1893.