## The People ex rel. John G. Earle v. The Circuit Court of Cook County, and Oliver H. Horton, Judge.

1. PROHIBITION—*Where the Writ Issues.*—The writ of prohibition is not in aid of appellate jurisdiction as mandamus may be. It issues in an independent suit, and ends in a termination of that suit.

2. CIRCUIT COURTS—*Jurisdiction Unlimited.*—The jurisdiction of the Circuit Court is not limited to right of action. It may commit errors and still be in the exercise of its rightful jurisdiction. But it is not the province of the Appellate Court to inquire whether it has done or will do right or wrong until the matter is presented in the exercise of appellate jurisdiction.

**Petition for a Writ of Prohibition.**—Original suit in this court. Presented at the March term, 1895. Petition dismissed.

H. S. MECARTNEY, attorney for petitioner.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The relator filed this petition, in which it is alleged that on a bill filed against him in the Circuit Court by Clara M Earle, his wife, for a separate maintenance, that court on the 27th day of February, 1895, entered an order that he pay to her or her solicitors $200 per month as alimony *pendente lite*, to begin from January 1, 1895; $500 as suit money and $750 as solicitor's fees.

From that order the relator perfected an appeal to this court March 13, 1895.

April 4, 1895, two more orders were made, one for the payment of $250 for solicitor's fees in defense of that appeal, and the other for payment of $40 alimony for the week ending April 6, 1895. April 9, 1895, the relator perfected appeals from the orders of April 4th. April 9, 1895, the court entered some more orders; one for $40 alimony for the week ending April 14, 1895, and two each for the payment of $100 solicitor's fees for defending the appeals perfected April 9th. From these three orders the petitioner perfected appeals the next day.

The petition then contains averments that the judge, respondent, announced in court that he would continue each

week to enter orders for alimony, and continue to order the payment of solicitors for defending all appeals from orders for alimony and fees.

The petition alleges that the court exceeded its jurisdiction in entering the orders of April 4th and 9th. If that be so, the remedy on the appeals taken from them will probably be adequate. The threat alleged, to enforce those orders if the appeals are not prosecuted, does not affect that remedy.

State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135, cited as parallel to this, was a prohibition from the Supreme Court to prevent the Court of Appeals from exercising original jurisdiction, not granted to it, by making an order for temporary alimony. The case is not parallel. The Appellate Court here can not make orders for allowances to a wife. Hunter v. Hunter, 6 Ill. App. 459.

The jurisdiction of the Circuit Court is without limit. Ide v. Sayer, 30 Ill. App. 210. Its jurisdiction is not limited to right action; it may do wrong—commit errors—and still be in the exercise of its rightful jurisdiction. And it is not our province to inquire whether it has done or will do right or wrong until the matter is presented to us in the exercise of appellate jurisdiction. Our jurisdiction is only appellate. Hawes v. People, 124 Ill. 560.

The writ of prohibition is not in aid of appellate jurisdiction as mandamus may be. Hawes v. People, 124 Ill. 560. It issues in an independent suit, and ends in a termination of that suit.

Believing that this court has no jurisdiction to inquire whether there be ground for a prohibition, much less to issue the writ, the petition is dismissed.