## THE STATE, EX REL. NICKEY ET AL., *v.* WOODHULL.

[No. 4,204.    Filed November 13, 1901.]

MANDAMUS.—*Circuit Court.—Signing Bill of Exceptions.—Jurisdiction of Appellate Court.—*A writ of mandate will not be issued by the Appellate Court under §1181 Burns, 1901, to compel a trial judge to sign a bill of exceptions, where it is not shown that by such failure of the judge the parties will be prevented from perfecting a desired appeal.

Original application for mandamus by the State on the relation of Addison B. Nickey and others to compel Joseph A. Woodhull, trial judge, to sign a bill of exceptions. *Application denied.*

*D. M. Link, T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for relators.

ROBINSON, J.—Relators file in this court an original petition alleging that at a certain term of the Steuben Circuit Court, Woodhull presided as special judge in an action by

one Zonker against relators wherein Zonker obtained a verdict; that relators filed their motions for a new trial, the forty-second and forty-third grounds for which were misconduct of a juror, and error of the court in giving oral instructions when written instructions had been requested. Affidavits and an exhibit setting out the oral instructions were filed in support of the motion for a new trial, also counter-affidavits were filed. The motions for a new trial were overruled, exceptions taken, and a bill of exceptions prepared containing these affidavits, the exhibit, and counter-affidavits, and was presented to the judge on the 8th day of March, 1901, the same being within the thirty days' time allowed. This bill he refused to sign, but afterwards, July 21, 1901, he prepared and filed a bill containing a part, only, of the affidavits, and omitting the exhibit, saving to the relators, as averred in the petition, only a part of the questions saved in the bill prepared and presented by them. Relators ask an alternative writ of mandate commanding the judge to show cause why he should not now, as of the 8th day of March, 1901, either sign the bill as presented, or change the same so as to speak the truth and file the same, and upon final hearing that a peremptory writ issue. No appeal to this court has been taken in the action of Zonker against these relators. It appears from the petition that the relators are desirous of appealing the cause and desire to present the question of the giving of the oral instructions. We have set out only so much of the petition as is necessary to show the nature of the relief asked.

A writ of mandate may issue from this court "only when necessary for the exercise of its functions and powers." §§1181, 1349 Burns 1901, §§1167, 6565k Horner 1897, *Lewis* v. *Fillion,* 4 Ind. App. 105. It will be noticed that the statutes do not authorize a court of appeals to exercise original jurisdiction in mandamus proceedings, but carefully limit its power to issue such a writ where the writ is

essential to the exercise of its functions and powers.    See, Ewbank's Manual, §§261, 262, and cases cited.

The general rule is said to be that an appeal must be pending or the auxiliary jurisdiction of the appellate tribunal can not be successfully invoked, and that this general rule rests upon the principle that until the case is appealed the appellate tribunal has no power to make any order concerning the controversy.    In Elliott's App. Proc. §507, the author says: "If it is within his power to file the transcript, assign errors and issue notice, he must do so before asking the court to assist him in securing an appeal.    After he has done all that he can do unassisted to bring the case into the appellate tribunal, that tribunal will help him by removing obstacles wrongfully placed in his way and by compelling courts and officers to perform the duties enjoined by law."

There are necessarily exceptions to the above rule.    If the trial court should refuse to take such steps as are necessary to enable the party to secure or to perfect an appeal the appellate tribunal will grant relief.    It is manifest that appellate jurisdiction includes the power to assist a party to perfect an appeal by removing obstacles to appeals, and to compel a decision by an inferior tribunal.    But the soundness of the rule itself is illustrated in the present case.    It is not shown by the petition that the trial court has done anything to prevent the relators from filing the transcript, assigning errors, and giving notice.    Even if the appeal in this case was pending, it would depend upon the errors assigned whether the relators could ask this court to grant the relief prayed for in their petition.    If no error should be assigned making the requested bill of exceptions necessary, a writ of mandate directing that a bill be signed would not be necessary for the exercise of the functions and powers of this court.    The appellate tribunal in an appealed case has general jurisdiction to determine only such questions as are presented by the assignments of error, and extraordinary aid in a case should not be granted where general jurisdic-

tion might never attach. It is true the petition states that the relators are desirous of appealing the cause, but this is not sufficient to bring the case within an exception to the general rule. While an appellate court will not permit its jurisdiction to be wrongfully defeated or impaired, a party must proceed as far as he can to secure a pending appeal before he asks this extraordinary relief, which, the statute says, may be granted only when necessary for the exercise of the functions and powers of the appellate tribunal. Elliott's App. Proc. §517; *Hawes* v. *People,* 124 Ill. 560, 17 N. E. 13.

The case of *State* v. *Friedley,* 151 Ind. 404, was an original action by the prosecuting attorney asking a writ of mandate directing the trial judge to show cause why a motion for a new trial should not be filed and a bill of exceptions signed and made part of the record. The prosecuting attorney had been admitted to defend a suit for divorce, upon the representation that the suit was collusive and the defense by the defendant not in good faith. There was a trial and a decree for plaintiff, and an order that the prosecuting attorney be discharged from further service in the suit, to which order no exception was taken. It is true no appeal was pending, the court declining to decide whether the prosecutor had any appealable interest, and the petition was considered by the court, but the writ was denied upon the ground that the prosecuting attorney, having had his relations to the case cut off before the offer of the motion for a new trial or the tendering of the bill of exceptions, he had no authority to take further steps, and those proposed were entitled to no recognition. In that opinion, the court, after quoting §1181, *supra,* said: "The functions and powers of this court would be necessarily involved only when, by the failure of the trial judge, the parties would be prevented from perfecting a desired appeal."

So far as disclosed by the petition there is nothing to prevent the relators filing a transcript, assigning errors, and

giving notice. When they have done all that they can do and the appeal is imperfect through the action of the trial court, they may, upon a proper showing, invoke the extraordinary aid of this court to assist them in perfecting the appeal. The view we have taken of the question presented renders it unnecessary to pass upon the merits of the application.

The prayer of the petition for the writ is denied.