## STATE, EX REL. BROOKING, *v.* BRANYAN.

[No. 4,720.    Filed February 20, 1903.]

MANDAMUS.—*To Compel Trial Judge to Rule on Motion.*—*Insanity Proceeding.*—A writ of mandate will not be granted by the Appellate Court to compel a circuit judge to rule on a motion for a new trial and enter final judgment in a proceeding to have a person declared of unsound mind, where the jury found that the person was of sound mind; since no appeal will lie from such a judgment.  *pp. 502, 503.*

APPEAL.—*Insanity Proceeding.*—*Costs.*—An appeal to the Appellate Court will not lie to adjudicate the question of costs in a proceeding to have a person declared of unsound mind, where the jury found that the person was of sound mind.  *pp. 503, 504.*

Application to the Appellate Court by the State on the relation of John Brooking for a writ of mandate to compel James C. Branyan, as trial judge, to rule on motion for new trial.  *Writ denied.*

*C. W. Watkins* and *H. C. Morgan*, for appellant.

ROBINSON, J.—The relator applies to this court for a writ of mandate requiring appellee, as judge of the Huntington Circuit Court, to make his ruling on a motion for a new trial, and to render final judgment in a certain action pending in that court. It appears that in March, 1902, the relator filed an application in the Huntington Circuit Court to have a certain person declared of unsound mind. The case was submitted to a jury for trial on April 2, 1902, and two days thereafter, the jury having been unable to agree, was discharged. On the 26th day of June, 1902, the case was again submitted to a jury, and on the next day re-

turned a verdict in favor of the defendant. On the 30th day of June the relator filed his written motion for a new trial. Between that time and the 12th day of January, 1903, the application states that the relator requested the court "seventy-five or eighty times" to rule on the motion for a new trial, which the court refused to do up to the filing of this application. It is further stated that on October 21, 1902, the relator filed his motion to tax the costs, and requested the court to rule thereon, which the court at that time and ever since has refused to do, though often requested. The relator also states that he desires to appeal to settle the question of costs in the case now pending in the Huntington Circuit Court.

It was held in *Studabaker* v. *Markley*, 7 Ind. App. 368, that in an application to have a person adjudged of unsound mind, where the finding is that the person charged is not of unsound mind, the proceeding is at an end, and no appeal from such a determination is contemplated or can be allowed.

The motion for a new trial, which is made a part of the application, presents questions which go to the merits of the appeal only. Should the motion be overruled, and an appeal taken, we could review none of the questions presented by the motion. As this court is authorized to issue a writ of mandate "only when necessary for the exercise of its functions and powers" (§§1181, 1349 Burns 1901; *State, ex rel.*, v. *Woodhull*, 27 Ind. App. 576), it could not issue the writ in any case that is not appealable. As we could not review the merits, we can not issue the writ to aid in perfecting an appeal upon the merits.

This leaves only the question of a right to appeal upon the matter of costs. But we fail to see how the question of costs can be reviewed without reviewing the merits of the case, for the reason that the statute expressly directs that "if the court or jury find that such person is not of unsound mind, then the court shall give judgment against the person making the complaint for the costs." §2718

Burns 1901. It has been held that such a proceeding is not, in any sense, an action within the meaning of the civil code, and has few of the qualities or attributes of a civil action. *Galbreath* v. *Black*, 89 Ind. 300. It is true in the case last cited an appeal was entertained, but the question presented was the right of the complainant to dismiss the proceedings over the objection of the party charged to be of unsound mind. And in *Ruhlman* v. *Ruhlman,* 110 Ind. 314, the question presented was the right of the court to adjudge the costs against the complainant upon a dismissal. In *Cochran* v. *Amsden,* 104 Ind. 282, the proceeding was to set aside the guardianship of an insane person.

Where the proceeding has been tried, and the jury has found that the person charged is not of unsound mind, the costs must be adjudged against the complaining party according to the plain mandate of the statute. Whether the costs were correctly adjudged could be determined only from reviewing the action of the jury in making the finding. Moreover, it is held in *Manlove* v. *State,* 153 Ind. 80, that "An appeal will not be entertained simply to determine who shall pay the costs in the trial court."

The alternative writ is denied.