the negligent act of a fellow servant, for which the defendant was not liable under the circumstances detailed in the testimony.

The respondent urges that the scaffold was improperly constructed. The testimony upon that question was improperly admitted over the objection of the defendant; but, assuming that it was not of the usual width on the side from which the brick fell, the brick did not fall from that cause, but by reason of the push given it by the co-servant of the plaintiff. The knowledge of the plaintiff, when he engaged in the work, that the workmen were over him laying brick, and the absence of proof that there was any assurance of safety given him, leads to the inference that he assumed the risk incident to his employment, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(119 App. Div. 780)

### In re BROOKS.

(Supreme Court, Appellate Division, Third Department. May 24, 1907.)

1. APPEAL—REVIEW—PARTIES ENTITLED TO APPEAL—PERSONS AGGRIEVED.

Where the party petitioning for an investigation of the mental condition of B., an alleged insane person, is in no sense aggrieved by the denial of his petition, neither his liberty nor any property right being affected, he cannot appeal from the order denying his petition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 947.]

2. SAME—GROUNDS OF APPELLATE JURISDICTION—EXISTENCE OF ACTUAL CONTROVERSY.

Where the term of imprisonment of a prisoner sentenced for four months has expired before the hearing on appeal from an order denying an application for an investigation of his mental condition, only abstract questions are presented for determination, and the appeal will be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 63, 64.]

Appeal from Special Term, Tioga County.

Proceedings in the matter of an application by Edward C. Cooper for the commitment of Frank Ellison Brooks, an alleged insane person, under a criminal charge. From an order denying the petitioner's application, he appeals. Dismissed.

The petitioner is a brother of the alleged insane person, who was sentenced by a justice of the peace of the town of Owego to the county jail of Tioga county on December 11, 1906, for a term of four months, for the crime of petit larceny. The petition to investigate his sanity was presented to the county judge of Tioga county on the 3d day of April, 1907, and had attached to it the affidavits of two physicians to the effect that he was irresponsible and unable to determine between right and wrong. The county judge thereupon made two personal examinations of the prisoner, and also procured the affidavit of the jail physician, who had seen the prisoner frequently since his confinement, to the effect that he had never observed any acts or declarations on the part of the prisoner which impressed him as being irrational, even in the slightest degree. The county judge, on the 8th day of April, 1907, denied the application, and from the order denying it the petitioner has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-- RANE, and SEWELL, JJ.

John M. Parker, for appellant.
F. W. Clifford, for respondent.

CHESTER, J.   There are at least two sufficient reasons why this appeal must be dismissed:

First. The petitioner is in no sense a party aggrieved by the order appealed from, nor does it affect any substantial right of his. Neither his liberty nor any property right of his is affected by such order, and no statute appears giving a petitioner under such circumstances a right to appeal.

Second. The term of imprisonment of the prisoner has now expired, and he has been discharged therefrom.   Only abstract questions are therefore presented for determination, if we are to consider the matter on the merits.   This we should not be called upon to do.

For these reasons, the appeal must be dismissed.   All concur.