[No. 15536.   Department Two.   November 22, 1919.]

## In the Matter of the Estate of MARTHA E. BAYER, *an Incompetent Person.*[1]

APPEAL (88)—RIGHT TO APPEAL—PERSONS AGGRIEVED—GUARDIANS. The guardian of an insane person has such a representative interest as to be an "aggrieved" party, entitled, by Rem. Code, § 1716, to appeal from an order discharging him from his trust as guardian.

Motion to dismiss an appeal from an order of the superior court for Lincoln county, Sessions, J., entered May 6, 1919, discharging the guardian of the estate of an insane person. Denied.

*Samuel P. Weaver* (*S. H. Boyles,* of counsel), for appellant.

*Merritt, Lantry & Merritt,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court discharging the guardian of the estate of Martha E. Bayer. It appears that, in the year 1916, John Dotson, the brother of Martha E. Bayer, filed a petition to have a guardian appointed for her estate in the state of Washington, for the reason that she was incompetent to manage her own affairs. On a hearing of this petition, the court concluded that she was competent to manage her own affairs and declined to appoint a guardian. The petitioner appealed from that order to this court. Upon the hearing of that appeal, the case was reversed with directions to the lower court to cause letters of guardianship to be issued. *In re Bayer's Estate,* 101 Wash. 694, 172 Pac. 842. Thereafter the lower court appointed D. R. Cole as guardian of the estate of Martha E. Bayer, and letters of guardianship were regularly issued. Thereafter Martha E. Bayer filed a petition alleging that

[1]Reported in 185 Pac. 606.

she had fully recovered from any mental disability that might have existed prior to the former hearing, and prayed for the discharge of the guardian of her estate. Citation was issued to the guardian, who, in his representative capacity, contested the petition. Upon that trial the court concluded that she was fully recovered, and entered an order discharging the guardian and requiring him to make a report of his guardianship. The guardian has appealed from that order.

Respondent moves to dismiss the appeal for the reason that the guardian is not an aggrieved party within the meaning of § 1716, Rem. Code. A number of cases are cited to the effect that a guardian of an insane ward has no right to appeal from a decree of the probate court discharging him from his trust as guardian on the ground that his ward is no longer insane. The rule is stated in 3 C. J., page 649, § 512, as follows:

"Where an appeal or other proceeding for review is allowed in proceedings to adjudge one to be of unsound mind and place him under guardianship, or in subsequent proceedings, the general rule that no one can maintain an appeal or other proceeding for review unless he is a party or person aggrieved by the judgment, order, or decree complained of applies. In some jurisdictions he must be a party to the proceeding."

In 2 R. C. L., page 55, § 35, the rule is stated as follows:

"As a general rule, a guardian has such an interest in a judgment or decree affecting the estate of his ward as entitles him to appeal therefrom. The duties of a guardian *ad litem* duly appointed by a court to defend the interests of an insane ward do not necessarily terminate with the decision of the case in which he was appointed, but he has authority, in a proper case, to appeal the cause to the court of last resort. . . . Though the cases are not in entire accord, it seems to be generally held that where the children of an alleged

incompetent person petition for the appointment of a guardian for such person they have an interest in the proceedings which gives them the right as 'aggrieved' persons to appeal from an order dismissing the petition. But a sister of an alleged incompetent person, whose petition for the appointment of a guardian is denied, is not a person aggrieved within the meaning of a statute regulating the right to appeal, since none of her legal rights are infringed, she having no right to control the custody or conduct of the alleged incompetent, nor right to support from, or duty to care for or support him, and no legal rights in or to his property.''

A number of cases are cited by respondent which deny the right of the guardian of an insane ward to appeal from a decree discharging him from his trust as such guardian. Among these are: *State ex rel. Brooking v. Branyan*, 30 Ind. App. 502, 66 N. E. 464; *Ensign v. Faxon*, 224 Mass. 145, 112 N. E. 948; *Matter of Brooks*, 119 App. Div. 780, 104 N. Y. Supp. 670; *McKenna v. McKenna*, 29 R. I. 224, 69 Atl. 844.

But whatever the rule may be in other jurisdictions, we are satisfied that this court has laid down a different rule, to the effect that the guardian of the estate of an insane ward may appeal in a case like this. In *In re Wetmore's Guardianship*, 6 Wash. 271, 33 Pac. 615, where a guardian of the person and estate of Seymour Wetmore had been appointed and had entered upon the discharge of his duties as such guardian, a petition was filed by Mr. Wetmore to vacate and set aside the appointment upon the ground that he was capable of managing his own affairs and was not incompetent or unfit to transact his own business. Upon a hearing of this petition, the court granted the same and discharged the guardian. The guardian appealed from that order. A motion was filed to dismiss the appeal here and this court said:

"Some preliminary questions were presented at the hearing, one of which was a motion to dismiss the appeal on the grounds that said order vacating the order appointing the guardian was a discretionary one, resting wholly within the discretion of the lower court, and was not an order from which an appeal could be taken. But the court, being of the opinion that an appeal would lie therefrom, denied the motion."

That case is in point here, to the effect that the guardian of the estate is authorized to appeal from an order discharging him. In the case of *State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50, this court said:

"If a party has sufficient interest to make him a party to an action, he has sufficient interest to appeal should the judgment be against him."

For that reason, the motion to dismiss was denied.

When this case was here before upon the appeal of the brother of Mrs. Bayer, we recognized that the petitioner, claiming that his sister was insane and unable to manage her affairs, had a right to appeal. No motion to dismiss appears to have been made in that case and the question was not there considered, but we assumed jurisdiction of the case and decided it upon its merits. We think the real and substantial reason why the appellant may appeal in this case is the fact that he appeals in his representative, and not in his personal, capacity. When the citation was issued upon the petition of respondent that she had recovered her faculties and was able to care for her estate, this citation was directed to the guardian. He was required to show cause why his guardianship should not be terminated. He appeared in his representative capacity and questioned the truth of the allegations of the respondent in her petition. It is true he had no personal interest, but his interest was

that of one representing the estate of his guardian, and the interest which he had was an interest in his representative capacity alone. We think there can be no question but that, if his interest was a personal one, he could not appeal; but, it being a representative interest, he was aggrieved in his representative capacity, and therefore has the right of appeal.

We are of the opinion, therefore, that the motion to dismiss should be denied.

HOLCOMB, C. J., MITCHELL, FULLERTON, and TOLMAN, JJ., concur.