IN THE MATTER OF J. P. DEWEY, AN ALLEGED LUNATIC.

(Filed 20 June, 1934.)

**Insane Persons A c—Superior Court held to have acquired jurisdiction although clerk's order of commitment was without warrant of law.**

Petitioner's wife filed an affidavit with the clerk stating that petitioner was insane. Thereupon the clerk examined certain witnesses, and issued a warrant of commitment, directing that petitioner be confined in the State Hospital. Petitioner then filed his petition before the clerk attacking the order, and praying that the cause be reinstated on the docket and the order of commitment stricken out. The clerk denied the petition, but found that the order of commitment, as contended by petitioner, had been entered without notice to petitioner and without summoning a jury to pass upon petitioner's lunacy, and that petitioner had no knowledge of the entry of the order. The petitioner appealed to the judge of the Superior Court, who entered judgment remanding the cause to the clerk for a hearing as required by law. *Held*, the petitioner's contention that, upon appeal to the Superior Court, the order of commitment should have been declared null and void and that he should have been discharged, cannot be sustained, since the wife's affidavit filed in accordance with C. S., 2285, conferred jurisdiction upon the clerk, and although the clerk's order of commitment was without warrant of law, the Superior Court obtained jurisdiction upon appeal from the denial of his motion before the clerk to strike out the order, which motion expressly requested that the cause "be reinstated upon the docket," and the judgment is affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Clement, J.*, at February Term, 1934, of DAVIDSON.

On 14 April, 1933, Mrs. J. P. Dewey made an affidavit before the clerk of the Superior Court of Davidson County, stating that J. P. Dewey was insane. Thereupon the clerk examined certain witnesses and issued a warrant of commitment, directing that Dewey be confined in the State Hospital. Thereafter, on 10 October, 1933, Dewey filed a petition before the clerk of the Superior Court alleging that the said

lunacy proceedings and order made by the clerk were entered "without notice to this petitioner, and without the clerk of the Superior Court issuing an order commanding the sheriff to summon a jury of twelve men to inquire into the state of mind or condition of your petitioner. . . . Nor did your petitioner have any knowledge or information that any proceedings had been or were undertaken concerning his competency and fitness to manage his own affairs. . . . That your petitioner in July, 1933, after being informed of the purported proceedings, and that said purported order declaring him a lunatic had been entered, appeared before the clerk of the Superior Court of Davidson County and requested that said order be stricken from the record," etc. The petitioner further prayed "that this cause be reinstated upon the docket; that the purported petition be dismissed and that there be an order entered striking from the records of this court the purported order," etc.

The clerk of the Superior Court heard the petition and found as a fact "that no notice was served upon the petitioner; that no order was made demanding the sheriff to summon a jury, nor was any jury summoned, organized or sworn to pass upon the state of mind and condition of the petitioner; that the petitioner did not have any knowledge of the entry of the judgment as appears of record and set out in the petition."

Thereupon the clerk denied the motion of petitioner and he appealed to the Superior Court.

After hearing the cause in the Superior Court the trial judge decreed as follows: "This cause coming on to be heard . . . upon petition to dismiss and strike from the records the judgment of insanity against J. P. Dewey and appeal from E. C. Byerly, clerk of the Superior Court, and it appearing to the court that the same should be remanded to the clerk of the Superior Court for further hearing:

"Now, therefore, it is ordered and adjudged that this action be and it is hereby remanded to the clerk of the Superior Court of Davidson County to convene or hold a hearing of the idiocy, inebriecy or lunacy of J. P. Dewey as he is required by law," etc.

From the foregoing judgment the petitioner appealed.

*Leland Stanford and Bourne, Parker, Bernard & DuBose for petitioner.*

Brogden, J. The petitioner apparently takes the position that the order of the clerk confining him in the State Hospital should be declared null and void and that he be discharged. This contention cannot be maintained. The affidavit filed in accordance with C. S., 2285, conferred jurisdiction upon the clerk. However, as the order of the clerk was

made in direct violation of the provision of said statute, such order was without warrant of law. Nevertheless the petitioner made a motion in the cause expressly requesting that the cause "be reinstated upon the docket," and upon the failure of the clerk to strike out the original order, he appealed to the judge of the Superior Court. Consequently, the matter was before the judge and he had the power to deal with it. A similar situation is disclosed by *In re Anderson,* 132 N. C., 243, 43 S. E., 649. The Court said: "Although the proceedings originally had before the clerk were a nullity for the reasons already pointed out, yet when the matter got into the Superior Court by appeal, that court then acquired jurisdiction." In the later case of *Bank v. Leverette,* 187 N. C., 743, 123 S. E., 68, the broad declaration of the law in the *Anderson case, supra,* was adverted to and harmonized. Both of said cases, however, are in full support of the judgment entered by the trial judge and his ruling is affirmed.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.