## IN RE HELEN SYLIVANT.

(Filed 3 November, 1937.)

**Insane Persons § 4: Appeal and Error § 1—Where statute under which proceeding is begun does not provide for appeal, no appeal may be taken.**

Petitioner, who had been adjudged *non compos mentis* under C. S., 2285, filed this petition under C. S., 2287, to have herself adjudged no longer insane, and prayed for the discharge of her guardian and the possession of her property. Upon the finding of the jury she was adjudged no longer insane and the prayers of her petition granted. Her guardian appealed to the Superior Court. *Held:* The appeal should have been dismissed, since C. S., 2287, does not provide for appeal. Whether the clerk's order could be reviewed by the Superior Court pursuant to a writ of *certiorari*, and whether the clerk's order was void *ab initio* on the ground that the person adjudged insane cannot file a petition under C. S., 2287, *held* not presented for decision, but *semble*, the clerk's order was voidable and not void, and it was error for the Superior Court to dismiss the proceeding.

APPEAL by Helen Sylivant, petitioner, from *Cranmer, J.,* at February Term, 1937, of GREENE. Reversed.

This proceeding was begun on 30 September, 1936, by a petition filed before the clerk of the Superior Court of Greene County by Helen Sylivant, in accordance with the provisions of C. S., 2287. The petition was duly verified by her, and was filed in her behalf by her attorneys.

In the petition it was alleged that on 10 March, 1934, in a proceeding begun before the clerk of the Superior Court of Greene County in accordance with the provisions of C. S., 2285, on the finding of the jury that the petitioner, Helen Sylivant, was then incompetent for want of understanding to manage her affairs, it was adjudged by the court that she was *non compos mentis;* that thereupon it was ordered by the court that Hattie White be and she was duly appointed as guardian of the said

Helen Sylivant; and that thereafter the said Hattie White duly qualified as such guardian.

It was further alleged in the petition that the petitioner, Helen Sylivant, has fully regained her sanity, and is now competent to manage her affairs.

On these allegations the petitioner prayed that it be adjudged by the court that she has been restored to sanity and is now competent to manage her affairs, and that it be ordered by the court that Hattie White be removed as her guardian, to the end that she may take possession of, manage and control her property.

In accordance with the provisions of C. S., 2287, jurors were duly summoned, sworn and impaneled by the court to try the issue involving the sanity of the petitioner. At the trial of the issue, evidence was offered by the petitioner tending to support the allegations of her petition, and, with the permission of the court, by her guardian tending to show the contrary.

The issue submitted to the jury was answered as follows:

"Is Helen Sylivant sane and of sound mind and memory? Answer: 'Yes.'"

It was accordingly adjudged by the court that the petitioner, Helen Sylivant, is now sane and of sound mind and memory, and is competent, both mentally and physically, to manage and control her property. It was ordered by the court that Hattie White, guardian of Helen Sylivant, file with the court her final account as such guardian within twenty days, and that upon filing such final account she be removed as the guardian of the petitioner.

The proceeding was thereafter docketed in the Superior Court of Greene County, and was heard at the February Term, 1937, of said court on the appeal of Hattie White, guardian, from the order of the clerk of the Superior Court of Greene County.

In apt time the petitioner, Helen Sylivant, moved that the appeal of Hattie White, guardian, be dismissed on the ground that she had no right to appeal from the order of the clerk in this proceeding. The motion was denied, and the petitioner duly excepted.

The court was of opinion that the proceeding having been begun by a petition filed by Helen Sylivant, who had been duly adjudged *non compos mentis,* and not by her guardian or by a next friend, or by some person on her behalf, was void *ab initio,* for the reason that the clerk of the Superior Court of Greene County had no jurisdiction of the matters alleged in the petition.

It was accordingly ordered and adjudged by the court that the proceeding be and the same was dismissed, and that the costs of the proceeding be taxed against the petitioner.

From this order and judgment the petitioner appealed to the Supreme Court, assigning as errors the refusal of the court to dismiss the appeal of Hattie White, guardian of the petitioner, and the order and judgment dismissing the proceeding.

*Roberts & Williford for petitioner.*
*K. A. Pittman and Harding & Lee for the guardian.*

CONNOR, J. It is provided by statute in this State that "any person, in behalf of one who is deemed an idiot, inebriate or lunatic, or incompetent for want of understanding to manage his own affairs, by reason of the excessive use of intoxicating drinks, or other cause, may file a petition before the clerk of the Superior Court of the county where such supposed idiot, inebriate or lunatic resides, setting forth the facts duly verified by the oath of the petitioner; whereupon such clerk shall issue an order, upon notice to the supposed idiot, inebriate or lunatic, to the sheriff of the county, commanding him to summon a jury of twelve men to inquire into the state of such supposed idiot, inebriate or lunatic.

"Upon the return of the sheriff summoning said jury, the clerk of the Superior Court shall swear and organize said jury and shall preside over said hearing, and the jury shall make return of their proceedings under their hands to the clerk, who shall file and record same, and he shall proceed to appoint a guardian of any person so found to be an idiot, inebriate, lunatic, or an incompetent person by inquisition of a jury.

"Either the applicant or the supposed idiot, inebriate, lunatic, or incompetent person may appeal from the finding of said jury to the next term of the Superior Court, where the matters at issue shall be tried regularly *de novo* before a jury." C. S., 2285.

Prior to the filing of her petition in this proceeding the petitioner had been duly adjudged, upon the finding of a jury, *non compos mentis,* in accordance with the provisions of the foregoing statute, and thereupon Hattie White had been duly appointed as her guardian.

It is further provided by statute that "where any insane person or inebriate becomes of sound mind and memory or becomes competent to manage his property he is authorized to manage, sell and control all his property in as full and ample a manner as he could do before he became insane or inebriate, and a petition in behalf of such person may be filed before the clerk of the Superior Court of the county of his residence, setting forth the facts, duly verified by the oath of the petitioner, whereupon the clerk shall issue an order, upon notice to the person alleged to be no longer insane or inebriate, to the sheriff of the county, commanding him to summon a jury of six freeholders to inquire into

the sanity of the alleged sane person, formerly a lunatic or the sobriety of such alleged restored person, formerly an inebriate. The jury shall make return of their proceedings under their hands to the clerk, who shall file and record the same, and if the jury shall find that the person whose mental or physical condition was inquired into is sane and of sound mind and memory or is no longer an inebriate, as the case may be, the said person is authorized to manage his affairs, make contracts, and sell his property, both real and personal, as if he had never been insane or inebriate." C. S., 2287.

No provision is made in the foregoing statute for an appeal from the finding of the jury or from the order of the clerk pursuant to such finding. Whether, in a proper case, such finding or such order may be reviewed by the Superior Court pursuant to a writ of *certiorari* is not presented by this appeal.

In the absence of a provision in the statute under which this proceeding was begun and prosecuted, for an appeal from the order of the clerk to the Superior Court, there was error in the refusal of the court to dismiss the appeal of Hattie White, guardian in this proceeding. See *Ray v. Ray,* 33 N. C., 357, 3 C. J., p. 649, sec. 512.

As there was error in the refusal of the court to dismiss the appeal of the guardian, the question as to whether there was error in the order dismissing the proceeding is not presented by this appeal. However, it would seem that at most the order of the clerk of the Superior Court of Greene County in this proceeding was voidable and not void, and that there was error in the order of the court dismissing the proceeding. See *Tate v. Mott,* 96 N. C., 19.

In accordance with this opinion the order and judgment of the Superior Court in this proceeding is

Reversed.