IN THE MATTER OF JOHN T. DRY, EX PARTE.

(Filed 1 November, 1939.)

1. Insane Persons § 4—

A proceeding to have declared sane and competent a person theretofore declared incompetent is a summary proceeding not requiring service of notice on the guardian nor service of summons on the incompetent under C. S., 483 (3), it being necessary only that the incompetent be given notice.

2. Same—

A guardian of an incompetent may not appeal from the finding of the jury or the order of the clerk entered thereon declaring such person sane and competent in proceedings under C. S., 2287, the guardian having no interest adverse to such declaration and there being no right of appeal given him by statute.

APPEAL by T. B. Mauney, guardian, from *Bobbitt, J.,* at February Term, 1939, of CABARRUS. Appeal dismissed.

*R. L. Brown, Jr., for appellant.*
*Hartsell & Hartsell for appellee.*

DEVIN, J. A petition to have John T. Dry, a resident of Cabarrus County, adjudged of sound mind and competent to manage his own affairs, was filed on his behalf by his brother, under the provisions of C. S., 2287. Pursuant to the procedure prescribed by that statute, a jury, which had been duly summoned and sworn, found John T. Dry competent, and returned report to that effect. The report was approved and filed by the clerk. Thereupon T. B. Mauney, who had previously been appointed guardian of John T. Dry by the clerk of the Superior

Court of Stanly County, appeared specially and moved to dismiss the proceeding on the ground that no notice of the petition had been served on him. The clerk denied the motion, and upon appeal to the judge of the Superior Court, the ruling of the clerk was affirmed and the proceedings were held to have been properly conducted in accordance with the statute, and the guardian appealed to this Court.

The statute under which these proceedings for the adjudication of the competency of John T. Dry were conducted does not require that the guardian be served with notice. Only the non-sane person is mentioned in the statute as one to whom notice must be given. The proceeding is summary, and the provisions of C. S., 483 (3), prescribing the method of service of summons in a civil action against an insane person, do not apply. There was nothing in the order appealed from relative to the guardianship such as would affect any substantial right of the appellant. He had no interest adverse to the proceedings for John T. Dry's restoration to competency. No provision is made in the statute for an appeal from the finding of the jury or from the order of the clerk pursuant to such finding. *In re Sylivant,* 212 N. C., 343, 193 S. E., 422. The case of *Sims v. Sims,* 121 N. C., 297, 28 S. E., 407, is not in point, since that case was decided before the enactment of the statute prescribing the procedure for restoration to competency of a non-sane person.

The denial of the motion of the guardian to dismiss the proceeding did not present an appealable matter. The judgment of the court below is affirmed and the

Appeal dismissed.