In re JAMES E. COOK.

(Filed 30 October, 1940.)

1. **Insane Persons § 4—In proceeding under C. S., 6184, et seq., jury trial upon question of sanity is not required.**

A proceeding to commit a person to a State Hospital for the Insane under the provisions of C. S., ch. 103, Art. 3 (C. S., 6184, *et seq.*), is strictly neither a civil action nor a special proceeding, notwithstanding C. S., 391, and in such proceeding a jury trial is not contemplated, and the clerk of the Superior Court upon supporting evidence upon the hearing may enter an order of commitment, C. S., 2285, not being applicable in the absence of application for the appointment of a guardian to manage the property of respondent.

**2. Same—**

> There is no provision for appeal to the Superior Court from the order of the clerk committing respondent to a State Hospital in a proceeding under C. S., 6184, *et seq.*, nor may respondent invoke the provisions of C. S., 2302. Whether *certiorari* is available is not presented.

APPEAL by respondent from *Phillips, J.,* at May Term, 1940, of IREDELL.

Inquisition of lunacy.

On 30 April, 1940, Mrs. Grace I. Cook, wife of James E. Cook, filed affidavit with the clerk of the Superior Court of Iredell County that she believed her husband to be insane and a fit subject for admission into the State Hospital for the Insane. Her affidavit was accompanied by a questionnaire signed by two physicians of Mooresville, N. C., such, in form, as is prescribed in C. S., 6196.

Acting upon this information, the clerk duly issued his precept or writ *de lunatico inquirendo,* and a hearing was had on 6 May. The respondent, through counsel, entered a special appearance and moved to dismiss the inquiry for want of proper notice and for proper service of process. The motion was overruled. Counsel then moved for a continuance. This was denied.

Upon hearing the evidence, the clerk found the respondent to be a fit person for commitment to the State Hospital at Morganton for care and treatment, and accordingly entered an order to this effect. On appeal to the Superior Court, the order of the clerk was approved and confirmed.

Respondent appeals, assigning as error (1) the failure to dismiss for want of sufficient evidence to support the clerk's order, and (2) the refusal to grant a hearing *de novo* on appeal to the Superior Court.

*Burke & Burke for petitioner, appellee.*
*Hugh Mitchell and C. P. Barringer for respondent, appellant.*

STACY, C. J. The record discloses a proceeding in accordance with the provisions of Art. 3, ch. 103, of the Consolidated Statutes, which, in strictness, seems to be neither a civil action nor a special proceeding, notwithstanding C. S., 391. McIntosh on Procedure, 96.

It is not contemplated that there should be a jury trial of the issue in a matter of this kind. A justice of the peace may take the evidence and act in case of emergency, when for any reason the clerk is not immediately available. C. S., 6195. No guardian is sought to be appointed to manage the property of the respondent, and hence the provisions of C. S., 2285, are not presently applicable.

13—218

Moreover, there is no provision for an appeal from the order of the clerk to the Superior Court in a proceeding under this article. Whether *certiorari* would be available is not presented. *In re Sylivant,* 212 N. C., 343, 193 S. E., 422. The respondent may not call to his aid the provisions of C. S., 2302. There was evidence to support the order of the clerk.

Affirmed.