IN RE JEFFRESS.

(Filed 2 June, 1943.)

**Insane Persons §§ 17, 18: Guardian and Ward § 6: Appeal and Error § 18—**

> Where a person has been adjudged incompetent, under C. S., 2285, and a trustee of his property appointed, and thereafter, upon petition before the clerk under C. S., 2287, by the person so adjudged incompetent, after his trustee or guardian has been made a party as required by ch. 145, Public Laws 1941, he is found competent by a jury and is so adjudged by the clerk, the Superior Court has power to review the matter, on proper showing for *certiorari* by the trustee or guardian, and it would seem that the procedure provided in C. S., 2285, on appeal might appropriately be followed on such review.

APPEAL by Louise A. Jeffress, Trustee, from *Bobbitt, J.*, at January Civil Term, 1943, of GUILFORD.

Application by Louise A. Jeffress, Trustee of Edwin B. Jeffress, for *certiorari* to review restoration proceeding before the clerk of the Superior Court of Guilford County, it being found on such hearing that Edwin B. Jeffress is "now sane, and of sound mind and memory, and competent to manage his own affairs."

The record discloses that on 4 December, 1934, Edwin B. Jeffress was adjudged "incompetent from want of understanding to manage his affairs by reason of physical and mental weakness on account of disease," in a proceeding under C. S., 2285, and Louise A. Jeffress, his wife, was appointed trustee of his property, estimated to be worth in excess of half a million dollars.

On 24 October, 1942, a petition was filed before the clerk by Edwin B. Jeffress alleging that he was then sane and of sound mind and memory, and asking that a jury of six freeholders be summoned to inquire into his sanity as provided by C. S., 2287. Louise A. Jeffress, Trustee, was made a party to the proceeding as required by ch. 145, Public Laws 1941. She filed answer and denied the allegations of the petition.

On the hearing, the jury found in favor of the petitioner as above indicated. The clerk held that he was without authority, discretionary or otherwise, to set aside the verdict and entered judgment thereon, and ordered the Trustee to file her final account and be discharged.

Thereafter, on 25 November, 1942, the Trustee applied to the judge of the Superior Court for a writ of *certiorari* and *supersedeas,* which was granted and the matter placed on the civil issue docket for hearing at the next civil term, Guilford Superior Court. The respondent filed answer and asked that the writ be dismissed and the judgment of the clerk confirmed.

At the January Civil Term, 1943, Guilford Superior Court, the matter came on for hearing and resulted in a dismissal of the writ, and confirmation of the clerk's order, the court holding that the trustee "has no status or position adverse to the respondent whereby she is entitled to a review of the proceedings," and further that the petitioner "has shown no error in law in the conduct of said proceedings."

From this ruling, the Trustee appeals, assigning errors.

*G. C. Hampton, Jr., E. D. Broadhurst, and S. J. Stern for petitioner, appellee.*

*Brooks, McLendon & Holderness and R. D. Douglas for respondent, appellant.*

STACY, C. J. The question for decision is whether the application of the trustee for a review of the restoration proceeding should be entertained. The trial court answered in the negative upon two grounds, (1) because the trustee is not such a party as may ask for a review, and (2) for that no error in the proceeding has been shown. We are inclined to a different view.

*In limine,* it will be observed that on petition before the clerk under C. S., 2285, to declare a person incompetent from want of understanding to manage his affairs, which may be filed by any person in behalf of the one deemed incompetent, either the petitioner or the respondent is permitted to appeal from the finding of the jury to the next term of the Superior Court, when the matters at issue are to be regularly tried *de novo* before a jury. Conversely, no such right of appeal is provided by C. S., 2287, when the proceeding is for restoration to competency. *Ray v. Ray,* 33 N. C., 357.

In consequence of the decision in *In re Dry,* 216 N. C., 427, 5 S. E. (2d), 142 (1939), the General Assembly of 1941 amended the restoration statute so as to provide "that in all cases where a guardian has been appointed . . . said guardian shall be made a party to such action before final determination thereof." Ch. 145, Public Laws 1941. On petition before the clerk under this section, which may be filed by the person formerly adjudged incompetent, or by any friend, relative or guardian of such person, and wherein the guardian is required to be made a party before final determination, the clerk is directed, upon notice, to issue an order to the sheriff of the county commanding him to summon a jury of six freeholders to inquire into the matter, and the jury is enjoined to "make return of their proceedings under their hands to the clerk, who shall file and record the same." Hence, the proper method of review would be by application for *certiorari. In re Sylivant,* 212 N. C., 343, 193 S. E., 422; *In re Cook,* 218 N. C., 384, 11 S. E. (2d),

142; *Unemployment Compensation Com. v. Kirby,* 212 N. C., 763, 194 S. E., 474.

If the guardian or trustee be sufficiently interested to make him a necessary party to the restoration proceeding before final determination, it would seem that such guardian or trustee has sufficient interest to ask for a review, should he be aggrieved or adversely affected by the result. *In re Bayer,* 108 Wash., 565, 185 P., 606; *Hunter v. Buchanan,* 87 Neb., 277, 127 N. W., 166, 29 L. R. A. (N. S.), 147, Ann. Cas. 1912 A, 1072; 2 Am. Jur., 961; 2 R. C. L., 55.

As the proceeding before the clerk is summary in character, *In re Dry, supra,* with the result falling short of *res judicata, Johnson v. Ins. Co.,* 217 N. C., 139, 7 S. E. (2d), 475, it may be Brobdingnagian to speak of errors in the proceeding. *Bethea v. McLennon,* 23 N. C., 523. However, it appears that the clerk undertook to charge the jury. In this he arrayed the different contentions, instructed them as to the burden of proof, and ended with these apparently conflicting peremptory instructions:

1. "I charge you, gentlemen of the jury, that if upon consideration of all the evidence you are satisfied by the greater weight thereof and find the facts to be as contended by the petitioner, and as testified to by those witnesses offered by the petitioner, then it is your duty to answer the issue Yes."

2. "I charge you, gentlemen of the jury, that if you find from the evidence the facts to be as contended by the respondent and as testified by the witnesses offered by her, then it is your duty to answer the issue No."

Moreover, it is alleged that the finding of the jury is clearly contrary to the weight of the evidence. The clerk concluded that he was without authority to interfere with the verdict. To say that six freeholders selected by the sheriff, with no right of challenge, can decide the matter irrevocably, is to ascribe to the statute an unusual grant of unbridled power. See *Dowell v. Jacks,* 58 N. C., 417; *Smith v. Smith,* 106 N. C., 498, 11 S. E., 188; *Groves v. Ware,* 182 N. C., 553, 109 S. E., 568; *Bethea v. McLennon, supra.* A reinquisition under C. S., 2285, would only be circuitous and needlessly repetitious.

Without further comment on the proceeding before the clerk, we think the showing is sufficient to warrant a review of the matter in the Superior Court. *In re Dewey,* 206 N. C., 714, 175 S. E., 161. By analogy, it would seem that the procedure provided in C. S., 2285, on appeal might appropriately be followed on such review. See *Higdon v. Light Co.,* 207 N. C., 39, 135 S. E., 710; *S. v. Carroll,* 194 N. C., 37, 138 S. E., 339.

Error and remanded.