15969

COBB v. SOUTH CAROLINA NAT. BANK *ET AL.*

(43 S. E. (2d) 465)

*Messrs. Davis & Lanford,* of Columbia, for Appellant, cite:

534

*Messrs. Nelson, Mullins & Grier*, of Columbia, for Respondent, cite:

·July 11, 1947.

STUKES, Justice: Benjamin Gilmore was adjudged mentally incompetent by the Probate Court of Richland County on August 7, 1934 and the South Carolina National Bank was appointed his Committee, in which capacity it has since served, and, under order of the court, is paying $40.00 per month to the ward from the estate. The incompetent was never committed to the State Hospital.

Upon petition of a relative a guardian *ad litem* was appointed by the court on December 7, 1943 for the purpose of a proceeding under Act No. 136 of the Acts of 1943, April 19, 43 Stat. 197, whereby the incompetent might be adjudged sane. The Bank, as Committee, was made a respondent, appeared by counsel at the hearing and resisted an adjudication of sanity. The Probate Court took testimony and after consideration of it and the arguments concluded that the former incompetent had sufficiently regained his mental competency to understand, comprehend and transact the ordinary affairs of life, whereupon it was adjudged that he be relieved of the former judgment of insanity and the Committee was ordered to make a final accounting and apply for a discharge as such.

The Bank, as Committee, appealed to the Court of Common Pleas upon grounds duly served. Counsel for the petitioner, respondent in that appeal, moved to dismiss the

latter. This the Circuit Court refused to do after a hearing on January 22, 1945, and the case reaches this Court upon the petitioner's appeal which has been argued in such form as to present the single question of whether the Committee of a person formerly adjudged insane may appeal from an order of restoration of sanity resulting from a proceeding in the Probate Court, in which proceeding the Committee is made, and appears as, a party and resists the adjudication. The point appears to be without precedent in our reports.

Reference to the applicable statute, *supra,* discloses the following proviso in which "Petitioner" means the person formerly adjudged insane: "The Petitioner or any other interested person standing within the family relationship of the insane person may appeal from the Order of the Probate Court to Common Pleas of the County wherein the petition is brought and there a trial be had *de novo* with a jury in like manner as civil actions are tried. The provisions of this sub-section shall be cumulative to any other provision of law relative to the adjudication of the sanity of a person theretofore adjudged insane."

The appellant, through counsel for his guardian *ad litem,* contends that the quoted provision of the applicable statute is conclusive that the Committee cannot appeal for it is not within the classification of those who are authorized by the statute to appeal. On the other hand, it is the position of respondent that it was a party at interest in the proceeding before the probate court and may appeal from the adverse (as to it) judgment of the latter.

Appellant cites the decision of *Ensign v. Faxon,* 224 Mass. 145, 112 N. E. 948, which holds in accord with his contention. However, it is contrary to the apparent weight of authority as is seen from the annotation in 122 A. L. R. 541. The cases from other jurisdictions have to be considered in the light of their respective statutes. Appeal is not an inherent or common-law right and our constitutional and statutory provisions are, of course, of controlling importance. It is our conclusion under them that the

Committee has the right of appeal in this case because it was a party to, and the loser of, the proceeding before the probate court, for we do not think it was the intendment of the legislature by passage of the Act of 1943 to deny the right of appeal to a party litigant which would otherwise be so entitled, particularly in view of the last above quoted proviso. The constitutional and statutory provisions generally authorize this right of appeal from decisions of the probate court to the court of common pleas. They will be briefly reviewed.

The Constitution of 1895, Art. V, Sec. 19, is the source of jurisdiction of the probate court of this proceeding. That document provides appellate jurisdiction of the Court of Common Pleas over the Court of Probate, an inferior court. Art. V, Sec. 15. The statute carries that out. Sec. 228 of the Code of 1942 is as follows: "The circuit court shall have appellate jurisdiction of all matters originally within the jurisdiction of the probate court." Code Sec. 230 follows: "Any person interested in any final order, sentence, or decree of any probate court, and considering himself injured thereby, may appeal therefrom to the circuit court in the same county, at the stated session next after such appeal. The grounds of appeal shall be filed in the office of the probate court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from."

It was held under the latter section (then Sec. 57) in *Witte Bros. v. Clarke,* 17 S. C. 313, that only a party to a proceeding in probate court can appeal from the latter's judgment. This was modified, almost of necessity, in *State ex rel. Buffington in re Ex parte Gregory,* 58 S. C. 114, 36 S. E. 433, where the alleged insane person was permitted to appeal from a finding of insanity in a proceeding of which she had no notice.

The courts of North Carolina have recently had to deal with the precise problem presented by the instant case. *In re Sylivant,* 212 N. C. 343, 193 S. E. 422, held that a guard-

ian (corresponding to our committee) could not appeal from a finding of sanity in restoration proceedings because the applicable statute contained no provision for appeal by anyone. *Ex parte Dry,* 216 N. C. 427, 5 S. E. (2d) 142, decided again that there was no right of appeal from such a decision and, furthermore, that under the statute the guardian (or committee) need not be served with process or made a party. After these decisions the legislature of that State amended the statute in 1941 whereby the guardian (or committee) was required to be made a party in restoration proceedings. Still it was contended in *Re Jeffress,* 223 N. C. 273, 25 S. E. (2d) 845, 847, that he could not appeal from or obtain review of a finding of sanity. We quote the persuasive reasoning of the court (opinion by Chief Justice Stacy) whereby it was concluded that the guardian could obtain *certiorari* for review of the proceeding and the resulting adjudication of sanity: "If the guardian or trustee be sufficiently interested to make him a necessary party to the restoration proceeding before final determination, it would seem that such guardian or trustee had sufficient interest to ask for a review, should he be aggrieved or adversely affected by the result."

In this proceeding in the probate court the Committee was made an adversary party. As to the necessity or propriety of this we are not called upon to, and we do not, decide. The appellant-petitioner, having proceeded in this manner, is not in position, we think, to deny the usual right of an unsuccessful adversary in the probate court to appeal to the court of common pleas from the judgment of the inferior court. Upon that narrow ground the issue is decided.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, TAYLOR and OXNER, JJ., concur.