IN THE MATTER OF: WOODROW W. HARRIS.

(Filed 24 November, 1954.)

**Insane Persons § 17—**

> A person committed to a State mental institution under G.S. 122, Art. 3, may not invoke the provisions of G.S. 35-4 for a determination of the restoration of sanity by a jury trial as a condition precedent to his release under G.S. 122-46.1, the proper remedy being by *habeas corpus*, since the recovery from a mental disease after commitment would be an event taking place after commitment within the meaning of G.S. 17-33 (2), entitling an inmate to discharge under G.S. 17-32.

APPEAL from *Hubbard, Special Judge,* at September, 1954, Civil Term of WAKE.

Lunacy proceeding under G.S. 35-4.

The petitioner is an inmate of The State Hospital at Raleigh.  He was committed from Granville County in 1952 under the provisions of Article 3, Chapter 122, of the General Statutes of North Carolina.  On 7 July, 1954, he filed petition with the Clerk of the Superior Court of Wake County alleging he "has become and now is of sound mind and entirely competent and capable of managing his own affairs," and prayed the court to summon a jury of six freeholders to inquire into his sanity pursuant to the provisions of G.S. 35-4.

The Clerk denied the petition for want of jurisdiction, and on appeal to the Superior Court judgment was entered affirming the ruling of the Clerk.  From the judgment so entered, the petitioner appeals.

*Blanchard & Jordan for petitioner.*

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

JOHNSON, J.   As suggested in the petitioner's brief, there appear to be at least two ways for a mental patient to gain dismissal from a State hospital: "(1) achieving competency or soundness of mind as described in G.S. 122-46.1 and (2) release by the Superintendent under G.S. 122-67."

G.S. 122-46.1 provides in part: ". . . Any person who has been committed to any State hospital as mentally disordered as provided by law shall be and remain a charge of such State hospital until he has been discharged from said hospital *or declared competent as otherwise provided by law.*"   (Italics added.)

The petitioner insists that a lunacy proceeding by jury trial under G.S. 35-4 is permissible procedure by which he may be "declared competent as otherwise provided by law" as a condition precedent to release within the meaning of G.S. 122-46.1.

Thus, the instant appeal poses this question: May a person committed to a State mental institution under Article 3, Chapter 122, of the General Statutes, invoke the provisions of G.S. 35-4 for restoration of sanity by jury trial?   The court below answered in the negative, and we approve.

It would seem that the petitioner's remedy is by *habeas corpus.*   And this is so notwithstanding G.S. 17-4 (2) which provides that the application to prosecute the writ shall be denied "Where persons are committed or detained by virtue of the final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such final order, judgment or decree."   See also G.S. 17-34 (2).   It may be doubted that these sections are applicable to *ex parte* commitments by clerks of the Superior Court under the provisions of Article 3, Chapter 122, of the General Statutes.   A proceeding under this Article "seems to be neither a civil action nor a special proceeding."   *In re Cook,* 218 N.C. 384, 11 S.E. 2d 142.

G.S. 17-32 provides: "The court or judge before whom the party is brought on a writ of *habeas corpus* shall, immediately after the return thereof, examine into the facts contained in such return, and into the cause of the confinement or restraint of such party, whether the same has been upon commitment for any criminal or supposed criminal matter or not; and if issue be taken upon the material facts in the return, or other facts are alleged to show that the imprisonment or detention is illegal, *or that the party imprisoned is entitled to his discharge,* the court or judge shall proceed, in a summary way, to hear the allegations and proofs on

both sides, and to do what to justice appertains in delivering, bailing or remanding such party." (Italics added.)

G.S. 17-33 (2) provides that a person restrained of his liberty may be discharged on return of the writ of *habeas corpus* "Where, though the original imprisonment was lawful, yet by some act, omission or *event, which has taken place afterwards,* the party has become entitled to be discharged." (Italics added.) The recovery from a mental disease after commitment to an institution would seem to be an "event which has taken place afterwards," within the meaning of G.S. 17-33 (2), entitling an inmate to discharge under G.S. 17-32.

The statement *contra* in *In re Chase,* 193 N.C. 450, 137 S.E. 305, may be treated as *dictum* rather than decision.

Affirmed.